Debbie P. Kirkpatrick, Esq. (SBN 207112)
Albert R. Limberg, Esq. (SBN 211110)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
1545 Hotel Circle South, Suite 150
San Diego, CA  92108-3426
Tel:   619/758-1891
Fax:   619/296-2013
dkirkpatrick@sessions-law.biz
alimberg@sessions-law.biz

Attorney for Defendant NCO Financial Systems, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY FEDERICO, | Case No.  13-CV-00355-LJO-SAB |
| Plaintiff, | |
| vs. | STIPULATED PROTECTIVE ORDER |
| NCO FINANCIAL SYSTEMS, INC. and DOES 1 TO 5, | |
| Defendants. | |

In anticipation of discovery that may reach confidential and proprietary business information and/or confidential information of third parties, Defendant NCO Financial Systems, Inc. and Plaintiff Larry Federico jointly move for entry of a Protective Order as follows:

1. In connection with discovery proceedings or non-discovery voluntary disclosures in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").  Confidential information is

1

information which has not been made public and is entitled to a Court Order to restrict its disclosure pursuant to FRCP 26.

2. By designating a document, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g). The designating party shall state the basis for the designation.

3. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Each page shall individually be marked CONFIDENTIAL.

4. Testimony taken at a deposition, conference, hearing or trial may be preliminarily designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangement shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately. After the transcript is completed, the designating party must specify by page and line what is to remain confidential and state the basis of the designation pursuant to Paragraph 2. If the designating party fails to serve this information 20 days after the delivery of the transcript, the temporary designation of the deposition testimony as confidential expires.

5. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstract, or other documents derived in

whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, including any appeal, or to enforce the terms of any settlement or judgment in this action, and for no other purpose.

      6.    Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to the jury, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

      (a)    a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

      (b)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

      (c)    court reporter(s) employed in this action;

      (d)    a witness at any deposition or other proceeding in this action;

      (e)    personnel associated with the insurance carrier for either party; and

      (f)    any other person as to whom the parties in writing agree.

      Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

      7.    Depositions may be taken only in the presence of individuals described in Paragraph 6.

8.     Nothing herein shall impose any restriction on the use or disclosure by a party of material obtained by such party independent of discovery or non-discovery voluntary disclosures in this action, whether or not such material is also obtained through discovery or non-discovery voluntary disclosures in this action, or from disclosing its own Confidential Material as it deems appropriate.

9.     If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential-Subject to Court Order" and filed under seal until further order of this Court.

10.    In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

11.    This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  The party designating the document or information as confidential bears the burden of proving such document or information is confidential if challenged. If the confidential designation is challenged, the challenging party shall so advise the designating party in writing.  The challenging party and the designating party shall meet and confer within fourteen days of such notification.  If the parties are not able

to resolve that issue, the designating party shall file a motion for a protective order to affirm such designation within fourteen days after the impasse is reached, as confirmed in writing by either side.  During the pendency of such motion, the document(s) shall retain its confidential status as designated.  If there is no such motion timely filed by the designating party, the document shall lose its confidential status.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

      12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to the Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

      13. Filing Documents Under Seal:  No document shall be filed under seal unless counsel secures a court order allowing the filing of a document under seal.  An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from opposing counsel.  If opposing counsel, or the person or entity who has custody and control of the document, wishes to oppose the application, he/she must contact the chambers of the judge who will rule on the application, to notify the judge's staff that an opposition to the application will be filed.

14. This Order shall survive the final termination of this action, to the extent that the information contained in the Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.  The Court may modify the protective order in the interests of justice or for public policy reasons.

The parties respectfully request the Court enter a Protective Order in this action as above.

Dated: 7/30/13            SESSIONS FISHMAN, NATHAN & ISRAEL, L.L.P.

*/s/ Albert R. Limberg*
Albert R. Limberg
Attorney for Defendant
NCO Financial Systems, Inc.

Dated: 7/30/13            POTTER HANDY, LLP

*/s/ Mark D. Potter*
Mark D. Potter
Attorney for Plaintiff
Larry Federico

IT IS SO ORDERED.

Dated:   **August 1, 2013**            _____
                        UNITED STATES MAGISTRATE JUDGE

**Attachment A**

# NONDISCLOSURE AGREEMENT

I, _____, state that I have been shown and know the terms of the Protective Order entered in *Larry Federico v. NCO Financial Systems, Inc.*, United States District Court for the Eastern District of California, Civil Action No. 13-CV-00355-LJO-SAB, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____     _____